```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF NORTH DAKOTA
                     NORTHEASTERN DIVISION

UNITED STATES OF AMERICA      )
                              )     REPORT AND RECOMMENDATION
         V.                   )
                              ) CASE NO. 2:07-cr-35-01 & 2:09-cr-62
RYAN HERMAN                   )
```

A March 22, 2011 petition, and an April 1, 2011 amended petition, alleging violation of conditions of supervised release, were referred to this Court (Doc. No. 123 in Case No. 2:07-cr-35-01 and Doc. No. 56 in Case No. 2:09-cr-62) for hearing, and for preparation of this Report and Recommendation.  This Court held a hearing on April 20, 2011.  At the hearing, Ryan Herman admitted to the allegations of the amended petition, and the parties stated their positions on disposition.  The parties agree to revocation of supervised release, but disagree on the length of sentence.

## FACTS

Herman is serving concurrent supervised release terms in two separate cases.  In case 2:07-cr-35-01, Herman pled guilty to an assault charge, and was sentenced to 30 months imprisonment, to be followed by three years of supervised release.  As he approached the end of that term of imprisonment, the Bureau of Prisons released him for a furlough transfer from a federal facility in California to Lake Region Law Enforcement Center (LRLEC).  Herman did not report to LRLEC as scheduled, was put on escape status, and

1

subsequently pled guilty to an escape charge in 2:09-cr-62. He was sentenced to a term of imprisonment of eight months on the escape charge, also followed by a three year supervised release term.

Herman began his supervised release terms on March 11, 2010. An earlier petition, filed November 16, 2010, alleged a number of violations, all of which centered around Herman's failure to maintain a relationship with the supervising probation officer, and his failure to develop a long-term plan for education or employment. As a result of the earlier petition, Herman was ordered to reside at Lake Region Residential Re-entry Center (LRREC) for up to six months. (Doc. No. 107 in Case No. 2:07-cr-35-01 and Doc. No. 43 in Case No. 2:09-cr-62)

Herman entered LRREC on December 16, 2010. He enrolled at Little Hoop Tribal College, and did well overall until March 16, 2011. On that date, LRREC reported two violations for "unauthorized destinations," and the following day, LRREC reported Herman's unauthorized use of a homemade tattoo gun on another resident. Herman left LRREC on March 22, 2011, to attend class, and did not return. Testing (which was done that morning) later showed that Herman had used a prescription pain medication which had not been prescribed for him.

A warrant was issued after the supervising officer filed a petition, and Herman was arrested on March 25, 2011. He remains in custody, having waived his right to a detention hearing.

## **POLICY STATEMENTS OF SENTENCING GUIDELINES**

When he was sentenced on the most recent conviction, Herman was in Criminal History Category IV. The violations to which he has admitted are of Grade C. Under those circumstances, the guidelines suggest that, if supervision is revoked, a term of custody of six to twelve months be ordered.

## **PARTIES' POSITIONS ON DISPOSITION**

The government asks that Herman's supervised release be revoked, that he be ordered to serve eight months in custody, and that no additional term of supervised release be ordered after completion of the term of custody. Herman does not contest revocation, but asserts that a sentence of six months rather than eight months would be appropriate.

## **DISCUSSION**

Herman addressed the court personally at the hearing, apologized for his errors, and accepted full responsibility for them. Although he had initially done very well at LRREC, Herman now asks that supervised release be ended, and that a sentence of straight custody be ordered.

In this Court's opinion, a six month term of custody is a reasonable sanction for Herman's violations. It is the low end of the range suggested by the Guidelines' policy statements. Apart from his misuse of prescription pain medication, the violations to which Herman has admitted are of relatively low magnitude, so a

sentence at the low end of the range is appropriate.

### RECOMMENDATION

This Court recommends that the Chief District Judge find that Herman violated conditions of supervised release as alleged in the amended petition.  This Court further recommends that Herman's supervised release be revoked, and that he be ordered to serve a term of custody of six months, with no additional supervised release term after completion of the term of custody.

### OPPORTUNITY FOR OBJECTION

Pursuant to Local Rule 72.1(E)(4), either party may object to the proposed findings and recommendation within fourteen days after being served with a copy of this Report and Recommendation.  If the parties do not object to the proposed findings and recommendations, they should promptly advise the Clerk's Office, so that the matter may be considered by the Chief District Judge before the fourteen day period ends.

Dated this 26th day of April, 2011.

/s/ Alice R. Senechal
Alice R. Senechal
U.S. Magistrate Judge